**Antoine RICHARD, Plaintiff-Appellant-Cross-Appellee,**

**v.**

**BAUER DREDGING CO., Inc., Defendant-Appellee-Cross Appellant.**
**No. 29792**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1970.

Rehearing Denied Nov. 27, 1970.

Daniel J. McGee, Mamou, La., Andrew Vidrine, Church Point, La., for plaintiff-appellant.

Charles E. Lugenbuhl, Robert E. Badger, New Orleans, La., for defendant-appellee; Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., of counsel.

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Antoine Richard was employed in the service of the HOLLAND, doing dredge work in an intercoastal canal. While attempting to re-arrange discharge pipe for the dredge, Richard was injured. Alleging negligence under the Jones Act and unseaworthiness under the general maritime law, he sued for damages for personal injuries, for maintenance and cure, and for damages for failure to pay maintenance and cure. The trial jury found that Richard was a seaman-employee. It further found the employer to have been free of negligence and the vessel to have been free of unseaworthiness. As to these items, judgment was entered on the verdict. We affirm. Local Rule 21.[1]

Maintenance and cure was tried to the court. It found and held that Richard reached maximum cure on January 14, 1964, was entitled to attorney fees in the sum of $750, and that the defendant should be required to pay a doctor's bill due Dr. Blaise Salatich. On this appeal, Richard says that he had not reached maximum cure by January 14, 1964. The employer contends that he had reached maximum cure no later than January 14, 1963. Bauer further contends that taxing it with attorneys fees was clearly erroneous and that it should not have to pay Dr. Salatich.

The findings of the Court as to the date of attainment of maximum cure will be affirmed under the teachings of McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20.

The payment of the bill to Dr. Salatich for professional services is likewise affirmed.

We are of the opinion, however, that under the undisputed facts of this case, the assessment of attorney's fees was clearly erroneous. The record simply fails to demonstrate that arbitrary or capricious conduct prerequisite to the allowance of attorney's fees in such cases.

The judgment of the District Court, therefore, will in all respects be affirmed on both direct and cross appeals except as to the allowance of attorney's fees, which, alone, will be reversed.

Affirmed in part.

In part, reversed.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir., 1970).

* ▉ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.